## No. 1605.—Succession of Jesse W. Wilder.

The surviving partner of a commercial firm, in his capacity of liquidating partner, having received Confederate treasury notes in payment of the debts due the firm, became personally responsible to the heirs of the deceased partner for the amount shown to be due them on a settlement of the partnership.

APPEAL from the Second District Court, of New Orleans. *Thomas, J. Frank Haynes, Race, Foster & E. T. Merrick* and *Buchanan & Gilmore,* for opponents and appellants. *T. A. Bartlette,* for appellee.

WYLY, J. In January, 1862, Jesse W. Wilder died, and his surviving partner, Henry C. Petty, was appointed by the court liquidator of the partnership business.

In 1866 he filed his account showing that during the years 1862 and 1863 he had collected a large amount in settlement of the claims of the firm, and showing a large balance due the succession, which he asked to be relieved from paying over because he had collected the same in Confederate treasury notes.

Harriet A. Jourden, the widow of the deceased, as natural tutrix of her minor children, and George Wilder, the son of the deceased by a former marriage, opposed the homologation of the account and prayed that the liquidator be compelled to pay over to the succession in legal currency of the United States the full amount due.

The liquidator was required by the court to file an amended account, which he did, showing a balance in his hands of $12,939 46 in Confederate notes, which he had collected in payment of the claims of the partnership—one half of which he alleged, belonged to the succession.

The tutrix again opposed the account alleging that the succession cannot be charged with the loss of the Confederate notes ; that they were not a legal tender and should not have been received by the

liquidator; that if he received them, as alleged, he did so at his peril. That she was during the time tutrix of her children, and the liquidator made no settlement with her but detained the Confederate notes in his hands till they had become worthless.

From a judgment dismissing the opposition and approving and homologating the account, the tutrix and George Wilder have appealed.

The main question involved in this case is, did the liquidating partner become liable to the estate by collecting its assets in Confederate notes ? Can the succession be charged with the loss of the Confederate notes received by the liquidator in settlement of the claims in his hands for collection?

The liquidator contends that at the time he received the Confederate notes they were used as the only currency ; that if he had not received them in payment of the claims they would have been barred by prescription; and that, inasmuch as the Confederate notes had no value, he received nothing ; having received nothing, he is liable for nothing.

We do not so understand the law regarding the liability of a liquidator. His powers over the assets confided to him by the court are not unlimited. Like all fiduciaries he is bound to faithfully perform his duties. He cannot waste the estate by voluntarily remitting the debts that are due to it. He cannot give up its assets and receive nothing in return. He cannot receive in settlement of the credits in his hands for collection the notes of an illegal organization and charge the succession with the loss incurred thereby. It was his duty to collect the claims due the succession in lawful money ; he had no authority to receive therefor Confederate notes.

The succession in our opinion should not be charged with the loss occasioned by the illegal act of the liquidator.

It is therefore ordered that the judgment appealed from be avoided and annulled, and it is now ordered that the opposition herein be maintained so as to place Harriet A. Jourden in her capacity of tutrix of her minor children and George Wilder, one of the heirs of the deceased, as creditors on the account rendered by the liquidator, Henry C. Petty, and filed on twenty-third April, 1867, in the sum of six thousand four hundred and sixty-nine dollars and seventy-three cents, subject to a credit of three hundred and fifty-five dollars and forty-three cents ; and, thus amended, that the account be approved and homologated. It is further ordered that H. C. Petty pay the costs of this opposition in both courts.

Rehearing refused.